### WEISSBOUM v. SOLOMON.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

EVIDENCE—ADMISSIONS—SET-OFF AND COUNTERCLAIM.
    Where the value of certain articles lost by plaintiff was set up as a counterclaim in an action by him, evidence tending to show that he admitted he was responsible for the loss of the property, and was going to pay defendant therefor, is admissible.

Appeal from trial term, Kings county.

Action by Gustav Weissboum against Max Solomon. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, and JENKS, JJ.

Henry L. Franklin, for appellant.
William O. Miles, for respondent.

GOODRICH, P. J. The plaintiff, an expressman, agreed with the defendant, a manufacturer of clothing, to deliver unmade garments

to persons who were to make them up, the plaintiff to have one cent for each garment delivered. The defendant agreed to, and subsequently did, collect of the makers the sum of $101.12, of which $10 was paid to the plaintiff, who brings this action to recover the balance, $91.12. The defendant counterclaimed the value of 37 skirts, amounting to about $150, insisting that he delivered them to the plaintiff, and that the plaintiff lost them. The main contention at the trial grew out of the counterclaim. The plaintiff had a verdict for $91.12, and the defendant appeals from the judgment entered thereon.

. There are two exceptions to the exclusion of evidence offered by the defendant. They are found in the following: Lowenstein, another expressman, and a witness for the defendant, testified that Weissboum asked him some questions about the 37 skirts and their loss, and was asked: "Q. Did Mr. Weissboum tell you that he was going to pay for it? (Objected to. Objection sustained. Exception.)" Leipsich, another witness for the defendant, was examined, when the following occurred: "Q. Did you have any conversation with Mr. Weissboum about 37 skirts lost last March? (Objected to as irrelevant and immaterial. Objection sustained. Exception.) Q. Did Mr. Weissboum tell you that Mr. Solomon discharged him? A. Yes, sir. (Objected to as irrelevant and immaterial. Objection sustained. Exception.) Q. Did he tell you that he was going to pay for these 37 skirts? (Objected to. Objection sustained. Exception.)" Some of these questions called, presumably, for an answer that the plaintiff admitted that he was responsible for the loss of the 37 skirts, and was going to pay the defendant therefor. Such evidence might have materially affected the verdict, and the exclusion was error, for which the judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.